UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 17, 2013

LETTER TO COUNSEL:

    RE:   *Lester Bowden v. Commissioner, Social Security Administration*;
            Civil No. SAG-13-0501

Dear Counsel:

On February 15, 2013, the Plaintiff, Lester Bowden, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 17]. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Bowden filed his claim for benefits on July 25, 2008, alleging disability beginning on January 1, 2008. (Tr. 59). After his claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on November 15, 2011. (Tr. 187-235). On February 24, 2012, the ALJ determined that Mr. Bowden was not disabled during the relevant time frame. (Tr. 13-26). The Appeals Council denied Mr. Bowden's request for review, (Tr. 4-7), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Bowden suffered from the severe impairments of mild degenerative disc disease of the spine, depression, and poly-substance abuse, reportedly in recent remission. (Tr. 18). Despite these impairments, the ALJ determined that Mr. Bowden retained the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except that he is further limited to: occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; and avoiding concentrated exposure to workplace hazards. In addition, he can carry out simple tasks in two-hour increments; have occasional interaction with co-worker, supervisors, and the general public; and adapt to simple change in a routine work setting.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bowden could perform work existing in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 25).

Mr. Bowden presents three primary arguments on appeal: (1) that the agency did not maintain a complete file; (2) that the ALJ erred in the weighing of medical opinions; and (3) that the ALJ erred in disregarding the IQ testing performed by consultative examiner Dr. Anderson. While I disagree with the latter two arguments for the reasons set forth below, I agree that the case should be remanded for the agency to engage in a good faith effort to locate the missing exhibits.

Mr. Bowden's two substantive arguments lack merit. The ALJ's assignments of weight to the medical practitioners were valid. The ALJ appropriately assigned no weight to Dr. Kakembo's assessment of disability more than a decade prior to the relevant time frame. (Tr. 21-22, 109-10). The assignments of weight to Dr. Raiker's opinion were clear, because the Step Three discussion addressed Dr. Raiker's opinion regarding Mr. Bowden's mental limitations, while the Step Four finding dealt with his physical impairments. (Tr. 19, 23). The assignments of weight were therefore not inconsistent. Moreover, the ALJ had sufficient medical evidence to support her physical RFC determination, assigning limited weight to the opinions of the state agency consultants and expressly relying on the consultative examination with Dr. Zakai, and the treatment records and objective tests from Jai Medical Center. (Tr. 23-24).

Mr. Bowden also unsuccessfully contends that the ALJ erred in rejecting the IQ test from Dr. Anderson, which is the only IQ test in the record. Pl. Mot. 14-16. An ALJ is permitted to discredit an IQ score where the evidence suggests its invalidity, even where it is the only score in the record. *Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012). In determining that Dr. Anderson's score was entitled to no weight, the ALJ noted that the claimant had provided Dr. Anderson with false information about his educational history and his drug use, and that Dr. Anderson had cited a traumatic brain injury reported by Mr. Bowden but not substantiated in the medical record. (Tr. 18-19, 22-23). The ALJ also noted that despite Dr. Anderson's description of Mr. Bowden as "barely literate," he "completed his own Adult Function Report and all of his disability paperwork[.]"[1] (Tr. 23). The ALJ therefore appropriately discounted the IQ score obtained by Dr. Anderson.

Mr. Bowden's procedural argument is more successful. Mr. Bowden contends that the case should be remanded because the agency misplaced several exhibits from the file and therefore did not "fully and fairly develop the record." Pl. Mot. 9-11. In particular, the record reflects two doctors' reports that were apparently received by the agency and considered on reconsideration, but are not included in the final case record. (Tr. 159). Specifically, on reconsideration, reports were prepared by Drs. Nasseri and Kurland. *Id.* However, after reviewing their reports, the agency again denied Mr. Bowden's claim. *Id.* The reports from Drs. Nasseri and Kurland are not included in the evidence of record. Mr. Bowden's counsel, on multiple occasions, wrote to the ALJ to ask for the reports to be located. (Tr. 10-12, 186-92). Although the Commissioner posits that the ALJ engaged in "an ongoing effort to acquire the lost

---

[1] In addition to the Adult Function Report, (Tr. 69-76); Mr. Bowden submitted a Work History Report, (Tr. 77-88); a three-page handwritten letter to the ALJ, (Tr. 89-91); and a Disability Report – Appeal, (Tr. 101-10).

evidence," Def. Mot. 23 n.6, no such effort appears in the file. In fact, the hearing transcript reflects surprise on the part of the ALJ when she is told that the reconsideration file, including the consultative examiner reports, is missing.[2] It is clearly troubling that significant medical evidence is absent from a file, particularly when that evidence was at one point in the possession of the agency. It is additionally troubling that the record contains no evidence of any efforts made by the ALJ to locate the evidence, once the mistake was noted by Mr. Bowden's counsel. If, in fact, the two consultative examination reports cannot be located after adequate efforts, then the inquiry should turn to whether the ALJ had substantial evidence, even without considering those reports, to support her conclusions. In the absence of any documented effort to locate pertinent medical opinions which were once in the custody of the Social Security Administration, however, I cannot find that the ALJ has discharged her duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986) (remanding where an ALJ neglected to attempt to locate a number of diagnostic tests and physician records that were missing from the record). In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Bowden is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Plaintiff's motion for summary judgment [ECF No. 15] and the Commissioner's motion for summary judgment [ECF No. 17] will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                      Sincerely yours,

                                      /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge

---

[2] The colloquy went as follows:

> ATTY: What happened is the whole recon has disappeared, which contained at least two CEs, Curlen and Sari [phonetic].
> ALJ: Is that right?
> ATTY: According to 8F, page 5, yes.
> ALJ: Okay.
> ATTY: So--
> ALJ: And you're saying those records have not yet been located?
> ATTY: Those have never been found. No. Part of the problem is it's a paper file, which - -
> ALJ: Yeah. Okay. So -- all right. So we have to do with what we have, I guess.

(Tr.191-92). That exchange does not suggest that the ALJ made or was aware of any endeavors at any time to locate the missing reports.